IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROGER ROWE,<br><br>      Plaintiff,<br><br>  v.<br><br>CENLAR FSB; CITIMORTGAGE, INC.,<br><br>      Defendants. | Case No.: 2:19-cv-7278-JMA-AYS |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6)**

5025132v.2

**TABLE OF CONTENTS**

Page(s)

I. INTRODUCTION ...................................................................................................................1

II. FACTUAL BACKGROUND ..................................................................................................1

III. ARGUMENT ...........................................................................................................................2

    A. Legal Standard ..............................................................................................................2

    B. Plaintiff's Claim For Rescission Pursuant To TILA Is Time-Barred ...............3

    C. Plaintiff Fails To State Claims Against Cenlar Or CitiMortgage under TILA ..............................................................................................................................4

    D. Plaintiff Fails To State A Claim For Breach of Contract ..................................5

    E. Plaintiff Fails To State A Claim For Breach of Fiduciary Duty ........................7

    F. Plaintiff Fails To State A Claim For Conversion Against Cenlar Or CitiMortgage ...............................................................................................................8

        1. Plaintiff Fails To State A Claim For Common Law Conversion .....8

        2. Plaintiff Fails To State A Claim For Conversion Pursuant To The UCC ..........................................................................................................................9

    G. Plaintiff's FDCPA Claim Fails Because Cenlar is not a Debt Collector .........10

    H. Plaintiff Fails To State A Claim For Aiding And Abetting ..............................11

    I. Plaintiff Should Not Be Permitted To Amend His Complaint A Second Time Because Doing So Would Be Futile .........................................................12

IV. CONCLUSION .....................................................................................................................13

5025132v.2

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Beach v. Ocwen Federal Bank*,
    523 U.S. 410, 118 S.Ct. 1408 (1998) ................................................................................... 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) .............................................................................................................. 2

*Dougherty v. North Hempstead Bd. of Zoning Appeals*,
    282 F.3d 83 (2d Cir. 2002) ................................................................................................. 12

*Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*,
    837 F.Supp.2d 162 (2d Cir. 2011) ....................................................................................... 7

*Fed. Deposit Ins, Corp. v. Wilson*,
    11-CV-0065, 2013 WL 1236864 (E.D. N.Y. Mar. 26, 2013) ............................................ 11

*Hourani v. Wells Fargo Bank, N.A.*,
    158 F.Supp.3d 142 (E.D. N.Y. Feb. 1, 2016) ...................................................................... 8

*Kapsis v. Am. Home Mortg. Servicing Inc.*,
    923 F.Supp.2d 430 (E.D. N.Y. Feb. 14, 2013) .................................................................... 6

*Prezzi v. Schelter*,
    469 F.2d 691 (2d Cir. 1972) ................................................................................................. 3

*Qurashi v. Ocwen Loan Servicing, LLC*,
    760 Fed.Appx. 66 (2d Cir. 2019) ....................................................................................... 10

*RCN Telecom Services, Inc. v. 202 Centre Street Realty LLC*,
    156 Fed.Appx. 349 (2d Cir. 2005) ....................................................................................... 6

*Roth v. CitiMortgage, Inc.*,
    756 F.3d 178 (2d Dept. 2014) ............................................................................................ 10

*Shoemaker v. State of Cal.*,
    101 F.3d 108 (2d Cir. 1996) ................................................................................................. 3

*Thyroff v. Nationwide Mut. Ins. Co.*,
    360 Fed.Appx. 179 (2d Cir. 2010) ....................................................................................... 8

*Vigiliant Ins. Co. of America v. Housing Authority of City of El Paso, Tex.*,
    87 N.Y.2d 36, 660 N.E.2d 1121 (1995) ............................................................................... 8

5025132v.2

**Statutes**

15 U.S.C. § 1635(a) ..................................................................................................3, 4, 12

15 U.S.C. § 1635(f) ...........................................................................................................3, 4

15 U.S.C. § 1640 .....................................................................................................................4

15 U.S.C. § 1641(g) ............................................................................................................4, 5

FDCPA ..............................................................................................................................1, 10, 11

NY UCC § 3-201(3) ..............................................................................................................9, 11

NY UCC § 3-204(2) ..............................................................................................................9, 11

NY UCC § 3-419 .........................................................................................................................9

TILA ..................................................................................................................................1, 3

UCC .............................................................................................................................8, 9, 10

**Other Authorities**

12 C.F.R. § 1026.39 ..................................................................................................................5

Federal Rules of Civil Procedure Rule 12(b)(6) ............................................................1, 2, 12, 13

Federal Rules of Civil Procedure Rule 8 ...................................................................................3

Defendants, Cenlar FSB ("Cenlar") and CitiMortgage, Inc. ("CitiMortgage") (collectively referred to as "Defendants"), submit this Memorandum of Law in support of its Motion to Dismiss this action pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).

## I.  INTRODUCTION

In response to Cenlar's motion to dismiss his complaint, Plaintiff sought and was granted leave to amend his complaint. However, the complaint as amended does not resolve any of the issues Cenlar raised in its first motion to dismiss and dismissal remains appropriate. Plaintiff reasserts her cause of action to rescind his mortgage loan pursuant to the Truth in Lending Act ("TILA"), but does so nearly fourteen years too late. Plaintiff alleges that the defendants are guilty of breach of contract, but fail to allege the existence of a contract between the parties. Plaintiff alleges that defendants "converted" a security agreement by not returning it upon demand, but demonstrates by his own complaint that he made no such demand. Plaintiff alleges that the defendants violated the Fair Debt Collection Practices Act ("FDCPA"), but fails to allege that either Cenlar or CitiMortgage are debt collectors. Indeed, he affirmatively proves the contrary by the allegations in his own complaint. Accordingly, Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed with prejudice.

## II.  FACTUAL BACKGROUND

On or about November 7, 2002, Plaintiff entered into a Consolidation Extension and Modification Agreement ("CEMA") with Citibank, N.A. (the "Loan"), which created a single lien in the amount of $157,500.00 on the property known as 20 Spruce Road, Amityville, New York 11701-1019 (the "Property"). *See* First Amended Compl. ("Compl."), Ex. B. Plaintiff signed a Truth in Lending Disclosure Statement at the time he signed the CEMA on November 7, 2002. *See* Compl., Ex. L.

Effective April 1, 2019, Cenlar began subservicing the Loan on behalf of CitiMortgage. *See* Compl., Ex. F. A little more than three months after this service transfer, Plaintiff fell two months behind on his monthly payments on the Loan, with payments for both June 2019 and July 2019 due as of July 12, 2019. *See* Compl., Ex. A.

Plaintiff claims to have rescinded the Loan pursuant to TILA by correspondence dated October 21, 2019. *See* Compl., Ex. C. Notably, this was nearly twelve years after Plaintiff entered into the CEMA and signed the Truth in Lending Disclosure Statement. Likewise, Plaintiff makes no claim that he returned the proceeds from the Loan or transferred title to the Property to the holder of the CEMA.

For the reasons set forth below, Plaintiff's Complaint fails to state a claim and should be dismissed with prejudice.

### III. ARGUMENT

#### A. Legal Standard.

A complaint must be dismissed pursuant to Rule 12(b)(6) for failure to state a claim if it does not contain "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. Further, a complaint must contain more than unsupported legal conclusions. *See id.* at 555. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

"[A] complaint … must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (internal citations and quotations omitted).

A pro se plaintiff is typically afforded liberal pleading standards, however a pro se plaintiff must still comply with Rule 8 in order to survive a motion to dismiss. *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972); *accord*, *Shoemaker v. State of Cal.*, 101 F.3d 108 (2d Cir. 1996).

Here, Plaintiff is unable to plead the elements of the three claims he asserts against Defendants, and Plaintiff's Complaint should therefore be dismissed with prejudice.

B. **Plaintiff's Claim For Rescission Pursuant To TILA Is Time-Barred.**

Plaintiff readily acknowledges that the Loan at issue in this action was originated nearly eighteen years ago. Plaintiff himself includes a copy of a Truth in Lending Disclosure Statement from eighteen years ago which bears his signature. Yet, Plaintiff claims that he rescinded the loan seventeen years after he signed the disclosure statement. Plaintiff's claim is not supported by either the facts as he alleges them or the law.

15 U.S.C. § 1635(a) provides that,

> in the case of any consumer credit transaction…in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended the obligor shall have the right to rescind the transaction until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later, by notifying the creditor, in accordance with the regulations of the Bureau, of his intention to do so.

The time to rescind is governed by 15 U.S.C. § 1635(f), which states, "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, *notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the obligor…*" (emphasis added). *See also Beach v. Ocwen Federal Bank*, 523 U.S. 410, 410, 118 S.Ct. 1408, 1408 (1998). Generally, a cause of action pursuant to TILA seeking

3

damages must be brought "within one year from the date of the occurrence of the violation…" 15 U.S.C. § 1640.

In commencing this action, Plaintiff alleges that the Loan at issue originated on November 7, 2002. *See* Compl. ¶ 9. Further, Plaintiff himself annexes a copy of the Truth in Lending Disclosure Statement bearing his signature and dated November 7, 2002 to his First Amended Complaint. *See* Compl., Ex. L. Thus, Plaintiff had until November 10, 2002 to rescind the Loan and did not do so. By Plaintiff's inclusion of this signed disclosure form, he defeats his own claim for rescission as well as for damages for the failure to provide the disclosure. Assuming *in arguendo* that Plaintiff did not receive the Truth in Lending Disclosure Statement – which is inconceivable in light of Plaintiff's signature and his decision to annex the document to his First Amended Complaint – Plaintiff still had until November 6, 2005 to rescind the Loan pursuant to 15 U.S.C. § 1635(f). Yet, Plaintiff claims he exercised his right of rescission on October 21, 2019. *See* Compl. ¶ 33. This was nearly *fourteen years* too late. Plaintiff's election of rescission pursuant to 15 U.S.C. 1635(a) is untimely. Similarly, Plaintiff's cause of action for damages would have accrued on November 7, 2002, when he was entitled to said disclosures and would be time-barred on November 6, 2003, pursuant to 15 U.S.C. § 1640. Accordingly, Plaintiff's claims under TILA should be dismissed.

   **C.** **Plaintiff Fails To State Claims Against Cenlar Or CitiMortgage under TILA.**

Plaintiff alleges that Cenlar and CitiMortgage violated 15 U.S.C § 1641(g) of TILA when both allegedly failed to inform him of the transfer of the Loan to Federal National Mortgage Association ("FNMA"). However, both section 1641(g) of TILA and its corresponding regulatory section demonstrate that neither Cenlar nor CitiMortgage are guilty of any such violation.

15 U.S.C. 1641(g)(1) provides that, "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, *the creditor that is the*

*new owner or assignee* of the debt shall notify the borrower in writing of such transfer…" (emphasis added).

Further, the related regulatory provision of TILA, 12 C.F.R. § 1026.39(a)(1), defines a "covered person" having such a disclosure obligation as any person "that becomes the *owner* of an existing mortgage loan by acquiring legal title to the debt obligation, whether through a purchase, assignment or other transfer…" (emphasis added). 12 C.F.R. § 1026.39(b) goes on to specify that any such covered person is required to provide a disclosure regarding the transfer of the mortgage loan.

Plaintiff's own complaint demonstrates that 15 U.S.C. § 1641(g) is not applicable to either Cenlar or CitiMortgage. Plaintiff asserts that CitiMortgage and Cenlar violated 15 U.S.C § 1641(g) when both allegedly failed to disclose that the Loan was transferred to FNMA. *See* Compl. ¶ 16. However, the statute on which Plaintiff relies places the onus not upon Defendants but rather upon "the creditor that is the new owner or assignee..." 15 U.S.C. § 1641(g)(1). Similarly, 12 C.F.R. § 1026.39(a)(1) places the requirement on the *transferee* of the mortgage loan. Taking Plaintiff's allegation as true for the purposes of this motion, FNMA – not Cenlar or CitiMortgage – would be the creditor and/or transferee under 15 U.S.C. § 1641(g)(1) and thus the "covered person" under 12 C.F.R. § 1026.39(a)(1). *See* Compl. ¶ 10.

Therefore, Plaintiff fails to state a claim pursuant to TILA against either Cenlar or CitiMortgage under 15 U.S.C. § 1641(g) where Plaintiff's own complaint establishes neither were the owner or assignee of the Loan or "covered persons" as contemplated under the regulation.

   **D.**  **Plaintiff Fails To State A Claim For Breach of Contract.**

Plaintiff alleges that Cenlar and CitiMortgage have breached their contract with Plaintiff. However, Plaintiff himself demonstrates that there is no actual contract between the parties to this action. In the absence of this very first element, Plaintiff fails to state a claim for breach of contract.

5

"The elements of a breach of contract claim in New York are: (1) the existence of a contract, (2) performance by the party seeking recovery, (3) non-performance by the other party, and (4) damages attributable to the breach." *RCN Telecom Services, Inc. v. 202 Centre Street Realty LLC*, 156 Fed.Appx. 349, 350 (2d Cir. 2005). Generally speaking, a loan servicer cannot be held liable for breach of contract in the absence of an independent contract with the plaintiff unless there is an allegation of an agency relationship. *See Kapsis v. Am. Home Mortg. Servicing Inc.*, 923 F.Supp.2d 430, 451 (E.D. N.Y. Feb. 14, 2013) (breach of contract action dismissed against loan servicer in the absence of an independent contractual relationship or an alleged agency relationship with a party in privity).

Plaintiff fails to set forth the existence of a contract as between CitiMortgage and/or Cenlar and himself. The "contract" Plaintiff points to is the note and mortgage between Plaintiff and Citibank, N.A. *See* Compl. ¶ 62. Plaintiff does not allege either Cenlar or CitiMortgage are parties to this contract and a review of the agreements fail to show any privity. Further, while Plaintiff alleges that, "[a]s evident by the indorsement on the Note, Citibank, N.A. materially changed the contract when it added CitiMortgage and Cenlar as a party's (sic)" (*Id.* at ¶ 68), a review of the indorsements fail to support such a claim. Neither note included in the complaint are indorsed in favor of either Cenlar or CitiMortgage. In the absence of an independent contractual relationship between Plaintiff and Cenlar and/or CitiMortgage and the allegation of any agency relationship, Plaintiff fails to state a claim for breach of contract.

Notwithstanding Defendants' lack of privity to the contract at issue, Plaintiff does not even allege a breach on Defendant's part. Plaintiff alleges, "Citibank N.A. breached the contract when they negligently altered the contract by means of an unauthorized signature which resulted in the sale of Plaintiff (sic) mortgage obligation. Citibank N.A. did not get Plaintiff's authorization to

sale (sic) Plaintiff's collateral or associated debt obligation." Compl. ¶ 65. Plaintiff's claims are clearly targeted at Citibank, N.A., which he readily admits is a "non party (sic) to this action". *See* Compl. ¶ 9. Plaintiff does not otherwise allege how Cenlar and/or CitiMortgage would be liable for actions which it alleges Citibank N.A. undertook. Therefore, Plaintiff fails to sufficiently allege that it was Defendants which breached the terms of the note or mortgage.

Finally, even if Cenlar and/or CitiMortgage were subject to claims that Plaintiff makes solely against Citibank, N.A., Plaintiff still does not establish a breach. As noted, Plaintiff claims that Citibank, N.A. indorsed and negotiated the note without his prior consent. *See* Compl. ¶ 65. However, the mortgage Plaintiff signed specifically stated, "[t]he Note or an interest in the Note, together with this Security Instrument, may be sold one or more times. I may not receive any prior notice of these sales." *See* Compl., Ex. B. Thus, indorsement and negotiation of the note without Plaintiff's prior consent was contemplated and agreed to by the parties to the mortgage. Plaintiff fails to establish the existence of a breach of the note or mortgage.

### E. Plaintiff Fails To State A Claim For Breach of Fiduciary Duty.

Interwoven in his claim for breach of contract, Plaintiff alleges that Cenlar and CitiMortgage breached their respective fiduciary duties to Plaintiff. However, Plaintiff fails to demonstrate the existence of a contractual relationship amongst the parties and any other sort of relationship which could give rise to a fiduciary obligation. In the absence of any such relationship, there cannot be a breach of a fiduciary duty.

"To state a claim for breach of fiduciary duties under New York law, a plaintiff must establish: '(1) a fiduciary duty existing between the parties; (2) the defendant's breach of that duty; and (3) damages suffered by the plaintiff which were proximately caused by the breach.'" *Ellington Credit Fund, Ltd. v. Select Portfolio Servicing, Inc.*, 837 F.Supp.2d 162, 191 (2d Cir. 2011). Further, "[u]nder New York law, 'absent specific contractual language or circumstances

7

to the contrary, the ordinary relationship between a creditor and debtor does not rise to the level of imposing a fiduciary duty upon the creditor.'" *Hourani v. Wells Fargo Bank, N.A.*, 158 F.Supp.3d 142, 148 (E.D. N.Y. Feb. 1, 2016).

As noted above, Plaintiff relies upon the note and mortgage as the basis for his contractual claim. *See* Compl. ¶ 62. Neither Cenlar nor CitiMortgage are parties to either the note or mortgage. *See* Compl., Ex. B. Plaintiff does not allege any other relationship between Cenlar, CitiMortage and himself which would give rise to a fiduciary relationship. Accordingly, in the absence of a fiduciary relationship, there can be no claim for a breach of a fiduciary duty.

### F. Plaintiff Fails To State A Claim For Conversion Against Cenlar Or CitiMortgage.

Tied to his factually and legally incorrect claim that he rescinded the Loan, Plaintiff claims that Cenlar and CitiMortgage converted "the security instrument" by failing to return it upon demand. However, the very evidence Plaintiff includes in his complaint demonstrates (1) he did not rescind the Loan, (2) he did not demand return of a security instrument and (3) that the indorsement of a promissory note pursuant to the UCC does not amount to conversion.

#### 1. Plaintiff Fails To State A Claim For Common Law Conversion.

Under New York law, conversion is the unauthorized assumption and exercise of the right of ownership over goods belonging to another to the exclusion of the owner's rights. *See Vigiliant Ins. Co. of America v. Housing Authority of City of El Paso, Tex.*, 87 N.Y.2d 36, 660 N.E.2d 1121 (1995). Generally speaking, conversion does not occur until the defendant has refused to return property after demand or until he sooner disposes of it. *See Thyroff v. Nationwide Mut. Ins. Co.*, 360 Fed.Appx. 179, 180 (2d Cir. 2010).

By the First Amended Complaint, Plaintiff alleges that, "Cenlar's failure to return the security instrument on demand resulted in an act of conversion." Compl. ¶ 38. Plaintiff claims

that the demand occurred by virtue of the October 21, 2019 letter. *See* Compl. ¶ 41. Notably, this correspondence is the basis for Plaintiff's claim of rescission pursuant to TILA, which Defendants have already demonstrated to be ineffective. Thus, Plaintiff had no authority to "demand" return of the security instrument to begin with. Notwithstanding, a review of the October 21, 2019 correspondence fails to reveal any explicit demand for the return of a security instrument. *See* Compl. Ex. C. In the absence of a demand, Plaintiff fails to state a claim for conversion.

        **2.**        **Plaintiff Fails To State A Claim For Conversion Pursuant To The UCC.**

Pertinent to this action, NY UCC § 3-419(1)(b) – (1)(c) provides, "[a]n instrument is converted when…any person to whom it is delivered for payment refuses on demand either to pay or to return it; or it is paid on a forged indorsement."

Though it was not terribly clear in his original complaint, nor is it any clearer in his amended complaint, Plaintiff seemingly alleges that CitiBank, N.A. committed "forgery" when it endorsed the November 7, 2002 promissory note in blank. *See* Compl. ¶¶ 23 – 24, Ex. F. This claim fails as a matter of law. NY UCC § 3-201(3) provides that a note may be transferred by indorsement and NY UCC § 3-204(2) specifically provides that whomever a note is made payable to may subsequently indorse the note in blank. Plaintiff himself admits that the payee of the November 7, 2002 note was CitiBank, N.A., a fact clear on the face of the promissory note itself. *See* Compl. ¶ 9, Ex. F. Thus, CitiBank, N.A. was free to indorse the promissory note in blank pursuant to the UCC. Further, Plaintiff does not allege that CitiBank, N.A. did not authorize the indorsement. Instead, Plaintiff alleges the indorsement is a forgery because Plaintiff's did not authorize CitiBank N.A. to indorse the promissory note. *See* Compl. ¶ 50. However, the UCC contains no requirement for a payor of an instrument to agree to negotiation. Plaintiff fails to state a claim of conversion under the UCC for forgery.

9

Plaintiff's claim of failure to return an instrument upon demand fairs no better. Plaintiff claims that Cenlar failed to return "the security instrument" on demand, which resulted in conversion. *See* Compl. ¶ 38. Plaintiff claims that the return was demanded by way of his Notice of Rescission. *See* Compl., Ex. C. However, reviewing the Notice of Rescission in a light most favorable to Plaintiff, it only demands the "return of any money or property that has been given to anyone in connection with the transaction…" *Id*. Setting aside the utterly vague nature of this demand, there is no clear demand made for any negotiable instrument as contemplated under the UCC. Notably, the security instrument (in the case the mortgage) is not a negotiable instrument under the UCC. Regardless, in the absence of any such demand, Plaintiff's conversion claim pursuant to the UCC fails against both Cenlar and CitiMortgage.

        **G.**      **Plaintiff's FDCPA Claim Fails Because Cenlar is not a Debt Collector.**

Plaintiff's claim under the FDCPA, which is asserted solely as against Cenlar, fails because Plaintiff does not allege that Cenlar is a debt collector as defined by the FDCPA.

A loan servicer acting on behalf of the owner of a debt obligation is not a debt collector unless it began its servicing duties after the loan entered default status. *See Qurashi v. Ocwen Loan Servicing, LLC*, 760 Fed.Appx. 66, 68 (2d Cir. 2019) ("A loan servicer acting on behalf of the owner of a debt obligation is not a debt collector unless it began its servicing duties after the loan entered default status."). Moreover, a complaint that "does not allege that [a servicer] acquired [the plaintiff's] debt after it was in default…fails to plausibly allege that [the servicer] qualifies as a debt collector under FDCPA." *Roth v. CitiMortgage, Inc.*, 756 F.3d 178, 183 (2d Dept. 2014).

Plaintiff's Complaint identifies Cenlar as the sub-servicer of Plaintiff's loan. *See* Compl. ¶ 21. Plaintiff makes no claim that either CitiMortgage or Cenlar began servicing the debt after it fell into default. In fact, Plaintiff does not claim that the loan is in default. Further, Plaintiff

10

includes correspondence to the First Amended Complaint establishing that Cenlar began sub-servicing the loan effective April 1, 2019[1] (*See* Compl., Ex. F), a payment history confirming the loan was current at that time (*See* Compl., Ex. G) and correspondence supporting that it wasn't until after Cenlar began subservicing that Plaintiff fell behind (*See* Compl., Ex. A). Accordingly, Plaintiff cannot sustain a cause of action under the FDCPA against Cenlar because it is not a debt collector under the meaning of the statute and this cause of action should be dismissed.

> H. **Plaintiff Fails To State A Claim For Aiding And Abetting.**

Plaintiff claims that Cenlar and CitiMortgage aided and abetted in the fraudulent indorsement of the note. Plaintiff does not claim that the indorsement of the note was obtained fraudulently or that the signature was forged, but instead that the indorsement of the note itself is a fraudulent act and that Cenlar and CitiMortgage aided and abetted in it. Plaintiff is incorrect.

"The elements of a claim for aiding and abetting fraud are, 'the existence of a fraud, defendant's knowledge of the fraud, and that the defendant providing substantial assistance to advance the fraud's commission.'" *Fed. Deposit Ins, Corp. v. Wilson*, 11-CV-0065, 2013 WL 1236864 *5 (E.D. N.Y. Mar. 26, 2013).

Plaintiff seemingly alleges that the indorsement of a note in this Loan amounts to fraud. *See* Compl. ¶¶ 119 – 120. However, as noted above, NY UCC § 3-201(3) provides that a note may be transferred by indorsement and NY UCC § 3-204(2) specifically provides that whomever a note is made payable to may subsequently indorse the note in blank. Further, the mortgage Plaintiff signed specifically stated, "[t]he Note or an interest in the Note, together with this Security

---

[1] While Plaintiff claims that this notice indicated that Cenlar was collecting its own debt (*See* Compl. ¶ 111), in fact the notice specifically states that Cenlar has entered into an agreement with CitiMortgage "to perform various functions" and that the servicing of the loan is transferring to Cenlar. *See* Compl., Ex F.

11

Instrument, may be sold one or more times. I may not receive any prior notice of these sales." *See* Compl., Ex. B. Thus, beyond the statutory authority to negotiate the note, Plaintiff explicitly assented to a sale of the obligation and agreed that he need not be consulted. CitiBank, N.A. exercising this contractual right cannot be viewed as fraudulent.

Thus, where the indorsement and negotiation of the note is not itself fraudulent, there can be no cause of action against either Cenlar or CitiMortgage for aiding and abetting.

I.  **Plaintiff Should Not Be Permitted To Amend His Complaint A Second Time Because Doing So Would Be Futile.**

Plaintiff should not be permitted to amend the Complaint a second time because the deficiencies in Plaintiff's Complaint cannot be remedied by an amendment. This is evident because Plaintiff was already granted one amendment and asserted a complaint containing the exact same deficiencies as before.

Plaintiff's attempt to rescind the Loan was almost seventeen years after origination and was not coupled with any return of the loan proceeds. No amendment could ever change that reality. *See* 15 U.S.C. § 1635(a). Further, each of the remaining causes of action relate to an alleged rescission which was significantly untimely. A proposed amended complaint that would not withstand a Rule 12(b)(6) motion to dismiss would be considered futile. *See Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002). Therefore, the Court should dismiss the Complaint with prejudice against Defendant.

## IV.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice and grant such other and further relief as it deems appropriate.

Dated:   June 17, 2021             STRADLEY RONON STEVENS & YOUNG, LLP
           New York, NY             A Pennsylvania Limited Liability Company

By:   /s/ *Lijue T. Philip*
      Lijue T. Philip
      100 Park Avenue, Suite 2000
      New York, New York  10017
      Telephone:  (212) 812-4124
      Facsimile:  (646) 682-7180
      LPhilip@stradley.com

*Counsel for Cenlar FSB & CitiMortgage, Inc.*