**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROGER ROWE,<br><br>       Plaintiff,<br><br>  v.<br><br>CENLAR FSB; CITIMORTGAGE, INC.,<br><br>       Defendants. | Case No.: 2:19-cv-7278-JMA-AYS |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO
DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6)**

## **TABLE OF CONTENTS**

I.  ARGUMENT ..................................................................................................................1

    A.  **Plaintiff's Claim For Rescission Pursuant To TILA Is Time-Barred**...............1

    B.  **Plaintiff Fails To State Claims Against Cenlar Or CitiMortgage under TILA**..................................................................................................................2

    C.  **Plaintiff's Still Fails To Sufficiently Allege Cenlar is a Debt Collector** ............3

    D.  **Plaintiff Has Abandoned The Remainder Of His Claims** ..................................4

    E.  **Plaintiff Cannot Amend His Complaint Through His Opposition**....................5

II. CONCLUSION ...............................................................................................................6

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Abraham v. Lynch*,
   16-CV-3502, 2016 WL 8786874 (E.D. N.Y. Dec. 15, 2016)......................................................3

*Beach v. Ocwen Federal Bank*,
   523 U.S. 410, 118 S.Ct. 1408 (1998)..........................................................................................1

*Dins v. Nationstar Mortg., LLC*,
   16-CV-2943, 2017 WL 570941 (S.D. N.Y. Feb. 13, 2017).........................................................2

*Dougherty v. North Hempstead Bd. of Zoning Appeals*,
   282 F.3d 83 (2d Cir. 2002)...........................................................................................................6

*Jain v. McGraw-Hill Cos., Inc.*,
   827 F. Supp. 2d 272 (S.D.N.Y. 2011).........................................................................................4

*Lipton v. Cty. of Orange, N.Y.*,
   315 F.Supp.2d 434 (S.D.N.Y. 2004)...........................................................................................4

*Qurashi v. Ocwen Loan Servicing, LLC*,
   *760 Fed.Appx. 66 (2d Cir. 2019)* ...............................................................................................3

*Rogers v. Hines*,
   No. 16-cv-457, 2016 WL 7378988 (D. Conn. 2016)..................................................................5

*Tyus v. Newton*,
   13–cv–1486, 2015 WL 1471643 (D. Conn. 2015) .....................................................................5

*Wright v. Ernst & Young LLP*,
   152 F.3d 169 (2d Cir. 1998)........................................................................................................5

**Statutes**

15 U.S.C. § 1635..............................................................................................................................1, 2

15 U.S.C. § 1641..............................................................................................................................2, 3

FDCPA......................................................................................................................................3, 4, 6

New York Banking Law § 6-l............................................................................................................5

TILA ...................................................................................................................................................1

**Other Authorities**

12 C.F.R. § 1026.39(a)(1) ................................................................................................................3

Fed. R. Civ. P. 12(b)(6) ..........................................................................................................1, 3, 6

Fed. R. Civ. P. 56 ............................................................................................................................1

Defendants, Cenlar FSB ("Cenlar") and CitiMortgage, Inc. ("CitiMortgage") (collectively referred to as "Defendants"), submit this Memorandum of Law[1] in further support of its Motion to Dismiss this action pursuant to Federal Rules of Civil Procedure Rule 12(b)(6).

## I.    ARGUMENT

### A.    Plaintiff's Claim For Rescission Pursuant To TILA Is Time-Barred.

Plaintiff readily acknowledges that the Loan at issue in this action was originated nearly eighteen years ago. Plaintiff himself includes a copy of a Truth in Lending Disclosure Statement from eighteen years ago which bears his signature. Yet, Plaintiff claims that he rescinded the loan seventeen years after he signed the disclosure statement. Plaintiff's claim is not supported by either the facts as he alleges them or the law.

In moving for dismissal of Plaintiff's claim of rescission pursuant to TILA, Defendants noted that the Loan at issue originated on November 7, 2002, that Plaintiff himself annexed a copy of the signed TILA Disclosure Statement to his First Amended Complaint, and that at best, Plaintiff had three years from origination to rescind the Loan pursuant to TILA. *See* 15 U.S.C. § 1635(f); *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 410, 118 S.Ct. 1408, 1408 (1998). Thus, Plaintiff's claimed rescission in October of 2019 was at least *fourteen years* too late. Plaintiff responds by ignoring the actual language of 15 U.S.C. § 1635(a) and makes the illogical claim that the sub-servicing of the Loan by Cenlar on behalf of CitiMortgage somehow amounted to a "consumer

---

[1] In support of his opposition to Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff submitted a Statement of Material Facts pursuant to Local Civil Rule 56.1. However, the Eastern District of New York's Local Civil Rule 56.1 requires that a statement of material facts be submitted upon a motion for summary judgment pursuant to Fed. R. Civ. P. 56. Neither Defendants nor Plaintiff have moved for summary judgment. In fact, Defendants have not submitted an answer to the First Amended Complaint, as the instant motion is made pre-answer. As a statement of material facts is not required for the instant motion, Defendants will not be responding to the one submitted by Plaintiff.

credit transaction" as defined by TILA and so Plaintiff's time to rescind the Loan began anew seventeen years after the Loan was originated.

*Dins v. Nationstar Mortg., LLC*, 16-CV-2943, 2017 WL 570941 (S.D. N.Y. Feb. 13, 2017) is instructive. In that case, the plaintiff took out a mortgage loan in June of 2006. The mortgage was assigned to the defendant in 2011 and the plaintiff was not notified. The mortgage was further assigned in 2015 and the plaintiff again was not notified. The plaintiff commenced an action in 2016 alleging, *inter alia*, that he was entitled to rescind the mortgage loan because he was not otherwise informed of these transfers. The defendant moved to dismiss the complaint. *Id.* at *1. In addressing his request for rescission, the District Court rejected the plaintiff's theory and held, "TILA contains a three-year statute of limitations for rescission claims. 15 U.S.C. § 1635(f)…Dins alleges that the loan transaction occurred on or about June 30, 2006…The right of rescission therefore expired on or about June 30, 2009. Plaintiff filed this lawsuit in 2016, over six years after the right of rescission expired. Accordingly, Dins's rescission claim is dismissed." *Id.* at *6.

Plainly put, Plaintiff is mistaken as to the accrual of his time to seek rescission pursuant to TILA. The consumer credit transaction at issue here occurred on November 7, 2002, when the subject Loan was originated. *See* Compl. ¶ 9. Setting aside the fact that Plaintiff himself annexed a copy of the TILA Disclosure Statement bearing his signature to the First Amended Complaint, Plaintiff had until November 6, 2005 *at the latest* to rescind the Loan pursuant to 15 U.S.C. § 1635(f). Yet, Plaintiff claims he exercised his right of rescission on October 21, 2019. *See* Compl. ¶ 33. This was nearly *fourteen years* too late. Plaintiff's election of rescission pursuant to 15 U.S.C. 1635(a) is untimely and Plaintiff's demand for rescission must be dismissed with prejudice.

### B. Plaintiff Fails To State Claims Against Cenlar Or CitiMortgage under TILA.

Defendants moved to dismiss Plaintiff's causes of action under 15 U.S.C § 1641(g) as that section of TILA is applicable to the creditor of a debt, not the servicer. *See* 15 U.S.C. § 1641(g)(1);

12 C.F.R. § 1026.39(a)(1).  In response to this, Plaintiff alleges that Cenlar obtained a "partial interest" in the Loan.  However, the sole document Plaintiff uses in support of this position actually refutes Plaintiff's point[2].

Plaintiff alleges that, "[b]ased on the information provided in Defendant (sic) July 12, 2009 response to Plaintiff's Qualified Written Request (QWR) Defendant appears to suggest that multiple covered persons have interest in Plaintiff's loan." Memorandum of Law in Opposition, p. 12.  However, the July 12, 2019 response could not be clearer: "The Loan was originated by CitiBank, N.A. dba CitiMortgage Inc. and is currently owned by Federal National Mortgage Administration (FNMA)…CitiMortgage, Inc….is the servicer of the Loan.  Cenlar FSB subservices the loan on behalf of CitiMortgage, Inc., effective April 1, 2019."  Comp. Ex. A.  Plaintiff relies on this document for his position that Cenlar obtained a "partial interest" in the Loan.  In fact, this document is clear that the only owner of the Loan is FNMA.

Defendants are not creditors or covered person as contemplated under TILA and are not subject to the requirements of 15 U.S.C. § 1641.  Accordingly, the corresponding allegations in Plaintiff's complaint must be dismissed with prejudice.

   **C.** **Plaintiff's Still Fails To Sufficiently Allege Cenlar is a Debt Collector.**

Defendants moved to dismiss Plaintiff's cause of action pursuant to the FDCPA, which is asserted solely as against Cenlar, because Cenlar is not a debt collector as defined by the FDCPA.  Particularly, Cenlar began servicing the debt before it fell into default and so is not considered a debt collector as a matter of law.  *See Qurashi v. Ocwen Loan Servicing, LLC*, 760 Fed.Appx. 66,

---

[2] In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court may rely upon documents which have been attached to the complaint as exhibits.  *See Abraham v. Lynch*, 16-CV-3502, 2016 WL 8786874 (E.D. N.Y. Dec. 15, 2016).

3

68 (2d Cir. 2019). Plaintiff's own Complaint includes a Notice of Servicing Transfer demonstrating that Cenlar began servicing the loan effective April 1, 2019 (*See* Compl., Ex. F) and a payment history demonstrating the Loan was current at that time (*See* Compl., Ex. G.). Cenlar is not a debt collector under the FDCPA.

Plaintiff does not address this claim at all, but instead states that Cenlar is not collecting a debt on behalf of FNMA, but on its own behalf. Plaintiff proceeds upon the very same mistaken premise as his TILA claim: Plaintiff alleges that Cenlar is the owner of his Loan. However, the documents which Plaintiff himself attaches to his Complaint demonstrate FNMA, not Cenlar, is the owner of the Loan and Cenlar merely subservices the Loan on behalf of CitiMortgage. Plaintiff cannot sustain a cause of action under the FDCPA against Cenlar because it is not a debt collector under the meaning of the statute and this cause of action should be dismissed with prejudice.

### D. Plaintiff Has Abandoned The Remainder Of His Claims.

Defendants moved to dismiss seven claims asserted in Plaintiff's First Amended Complaint: (1) Rescission pursuant to TILA; (2) Damages pursuant to TILA; (3) Breach of Contract; (4) Breach of Fiduciary Duty; (5) Conversion; (6) Violation of the FDCPA; and (7) Aiding and Abetting Fraud. In opposing Defendant's motion, Plaintiff only addresses the claims related to TILA and the FDCPA. Plaintiff has effectively abandoned the remainder of his First Amended Complaint.

It is well-settled that a court may deem a claim abandoned based on a plaintiff's failure to respond to an argument raised by a defendant in a dispositive motion. *See Jain v. McGraw-Hill Cos., Inc.*, 827 F. Supp. 2d 272, 280 (S.D.N.Y. 2011) (holding that the plaintiff abandoned six claims when her brief failed to respond to the defendants' arguments on those claims); *Lipton v. Cty. of Orange, N.Y.*, 315 F.Supp.2d 434, 446 (S.D.N.Y. 2004) ("[A court] may, and generally

will, deem a claim abandoned when a plaintiff fails to respond to a defendant's argument that the claim should be dismissed.").

Plaintiff does not argue that his causes of action for Breach of Contract, Breach of Fiduciary Duty, Conversion, and Aiding and Abetting Fraud should survive Defendants' motion to dismiss. As such, these causes of action should be dismissed with prejudice.

### E. Plaintiff Cannot Amend His Complaint Through His Opposition.

In opposing Defendant's motion, Plaintiff asserts for the first time that an unspecified defendant violated New York Banking Law §§ 6-l and/or 6-m. *See* Memorandum in Opposition pp. 23 – 24. Such a claim is not asserted anywhere in Plaintiff's First Amended Complaint and cannot be asserted now.

Plaintiff cannot inject new factual allegations or legal theories into the case through an opposition to a motion to dismiss. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (noting that a plaintiff cannot amended a complaint to add new factual allegations in opposition to a motion to dismiss); *Rogers v. Hines*, No. 16-cv-457, 2016 WL 7378988, at *4 (D. Conn. 2016) ("As this distinction was not included in the amended complaint and the plaintiff cannot amend his complaint through a memorandum, the defendants' motion to dismiss is granted...."); *Tyus v. Newton*, 13–cv–1486, 2015 WL 1471643, at *5 (D. Conn. 2015) ("The plaintiff may not ... amend the amended complaint in a memorandum in opposition to a motion to dismiss"). The Court should therefore disregard these new legal theories entirely.

Setting aside the fact that Plaintiff cannot simply assert these claims, Plaintiff does not in fact allege a violation of either Banking Law §§ 6-l or 6-m. Instead, Plaintiff claims that the unspecified violation entitles him to damages pursuant to the Banking Law. Even if Plaintiff could assert a claim in opposition, which he cannot, Plaintiff does not actually do so. These allegations should be disregarded.

For the very same reason, Plaintiff should not be permitted to amend his complaint a second time. Defendants have demonstrated that Plaintiff's TILA claim is time-barred and otherwise misdirected at Defendants and that Plaintiff cannot demonstrate that Defendants are debt collectors for the purposes of the FDCPA. These issues formed the basis for Cenlar's first motion to dismiss and Plaintiff did not resolve them in his first amendment, nor could he. Thus, any further amendment should be denied as futile. *See Dougherty v. North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).

## II.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Plaintiff's First Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice and grant such other and further relief as it deems appropriate.

Dated:   August 11, 2021   STRADLEY RONON STEVENS & YOUNG, LLP
    New York, NY   A Pennsylvania Limited Liability Company

By:   /s/ *Lijue T. Philip*
Lijue T. Philip
100 Park Avenue, Suite 2000
New York, New York  10017
Telephone:  (212) 812-4124
Facsimile:  (646) 682-7180
LPhilip@stradley.com

*Counsel for Cenlar FSB & CitiMortgage, Inc.*

6

5164351v.1