UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    <u>For Online Publication Only</u>
------------------------------------------------------------------X
ROGER ROWE,

               Plaintiff,

        -against-                                        **<u>MEMORANDUM AND ORDER</u>**
                                     19-CV-07278 (JMA) (AYS)
CENLAR FSB, CITIMORTGAGE, INC.,

               Defendants.                              **FILED**
------------------------------------------------------------------X                **CLERK**
**APPEARANCES:**                                             3:18 pm, Dec 22, 2021

Roger Rowe                                                  **U.S. DISTRICT COURT**
     <u>Pro Se</u> *Plaintiff*                                       **EASTERN DISTRICT OF NEW YORK**
                                     **LONG ISLAND OFFICE**
Lijue T. Philip
Stradley Ronon Stevens & Young, LLP
100 Park Avenue, Suite 2000
New York, New York 10017
     *Attorney for Defendants Cenlar FSB and CitiMortgage, Inc.*

**AZRACK, United States District Judge:**

      Plaintiff Roger Rowe ("plaintiff"), acting <u>pro se</u>, commenced this action against defendants

Cenlar FSB ("Cenlar") and CitiMortgage, Inc. ("CitiMortgage") (together, the "defendants") for

allegedly violating federal and state laws in connection with a home mortgage refinancing.

Plaintiff's first amended complaint seeks to rescind the loan he received from non-party

CitiMortgage N.A. and to terminate the lien on the property.  (First Amended Complaint ("FAC"),

ECF No. 19.)  This Court has jurisdiction pursuant to 28 U.S.C. § 1331 over the plaintiff's federal

claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 <u>et</u> <u>seq.</u>, and the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 <u>et</u> <u>seq.</u>

      Before the Court is defendants' motion to dismiss the FAC for failure to state a claim

pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons stated below, the Court

grants defendants' motion as to plaintiff's federal claims and dismisses those claims with prejudice.  Additionally, because the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims, those claims are dismissed without prejudice.

## I. BACKGROUND

### A. Factual Background[1]

On November 7, 2002, plaintiff entered into a Consolidation Extension and Modification Agreement ("Modification Agreement") with Citibank, N.A. in the amount of $157,500.00 (the "Loan") with respect to refinancing a mortgage on the property located at 20 Spruce Avenue, Amityville, New York (the "Property").  (FAC ¶¶ 9, 14, Ex. B.)  On that same date, plaintiff signed a Truth-in-Lending Disclosure Statement with regard to the Loan.  (FAC, Ex. L.)  Pursuant to a notice of servicing transfer dated March 15, 2019, effective April 1, 2019, Cenlar began servicing plaintiff's Loan on behalf of CitiMortgage.  (FAC, Ex. F.)  Plaintiff claims that he was informed of the transfer of servicing rights on or about July 12, 2019.  (FAC ¶ 15.)

Plaintiff failed to make the June 2019 and July 2019 monthly payments on the Loan.  (Ex. A.)  At that time, Federal National Mortgage Administration ("FNMA") was the current owner of plaintiff's Loan.  (FAC ¶ 10, Ex. A.)  On October 21, 2019, claiming TILA violations, plaintiff purported to rescind the Loan by sending Cenlar a notice of rescission.  (FAC, Ex. C.)

### B. Procedural Background

Plaintiff commenced an action against Cenlar on December 30, 2019 alleging violations of TILA, the FDCPA, the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and various state law

---

[1] The following facts are taken from plaintiff's FAC and the exhibits attached thereto, and are undisputed, unless otherwise indicated.  See Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004).  The factual allegations in the FAC are presumed true for purposes of resolving the defendants' motion to dismiss. See DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 110-11 (2d Cir. 2010).

claims.  (ECF No. 1.)  On April 28, 2020, Cenlar filed a motion to dismiss plaintiff's complaint. (ECF No. 11.)  After the motion was fully briefed by both parties (ECF Nos. 12, 13), on August 6, 2020, plaintiff filed a motion to amend the complaint.  (ECF No. 14.)  By docket entry order dated March 15, 2021, the Court granted plaintiff's motion to amend the complaint and denied Cenlar's motion to dismiss as moot.  (Electronic Order, March 15, 2021.)   On March 22, 2021, plaintiff filed his FAC alleging violations of TILA, as well as state law claims for conversion, breach of contract, breach of fiduciary duty and aiding and abetting fraud against Cenlar and CitiMortgage.  The FAC also alleges a FDCPA claim against Cenlar.  As relief, plaintiff requests that the Court declare the Loan void; and demands the return of monies paid, damages, costs and attorney fees.  On August 11, 2021, defendants filed a fully briefed motion to dismiss on behalf of all parties.  (ECF No. 24.)

## II.  DISCUSSION

### A.  <u>Standard of Review</u>

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a plaintiff must allege sufficient facts "to state a claim to relief that is plausible on its face."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007).  A claim is facially plausible only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Twombly</u>, 550 U.S. at 556).  Mere labels and legal conclusions will not suffice.  <u>Twombly</u>, 550 U.S. at 555.  In reviewing a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  <u>Cleveland v. Caplaw Enters.</u>, 448 F.3d 518, 521 (2d Cir. 2006).  A court may also consider materials attached

to the complaint, materials integral to the complaint, and materials incorporated into the complaint by reference.  Sira, 380 F.3d at 67.

While a court is required to read a plaintiff's pro se complaint liberally and interpret it as raising the strongest arguments it suggests, a pro se plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570; see also Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

**B.  Plaintiff's TILA Claims Against Both Defendants**

Plaintiff alleges that defendants violated TILA and its implementing regulation, Regulation Z, by failing to provide adequate disclosures and seeks damages and rescission of the Loan.  (FAC ¶¶ 28-35.)

Defendants contend that TILA is inapplicable to them as neither defendant is an owner or assignee of the Loan, and further argues that plaintiff's right to rescind is time-barred.  (Defs. Br., ECF No. 24-1 at 7-9.)[2]  The Court agrees.

**1.  Damages Claim**

TILA provides that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer."  15 U.S.C. § 1641(g)(1) (emphasis added).  Similarly, Regulation Z, which is the "regulatory vehicle through which TILA is implemented," McLean-Laprade v. HSBC, No. 12-CV-1774, 2013 WL 3930565, at *8 (W.D.N.Y. July 30, 2013), requires that a "covered person" —defined as any person "that becomes the owner of an existing mortgage loan by acquiring legal title to the debt obligation, whether through

---

[2]  For ease of reference, the Court refers to the electronic document filing system ("ECF") pagination.

4

purchase, assignment or other transfer. . ." — is required to provide a disclosure regarding the transfer of the mortgage.  12 CFR 1026.39(a)(1), (b).

Here, plaintiff claims that defendants violated § 1641(g)(1) and Regulation Z when they allegedly failed to provide him with notice of the mortgage transfer and the requisite notice of rescission.  (FAC ¶¶ 30-32; Pl. Opp. Br., ECF No. 24-4 at 10, 15-17.)  However, as the servicer and subservicer of the Loan, CitiMortgage and Cenlar, respectively, had no ownership interest in the Loan itself.  See § 1641(f) ("A servicer of a consumer obligation arising from a consumer credit transaction shall not be treated as an assignee of such obligation for purposes of this section unless the servicer is or was the owner of the obligation.")  The Loan Modification Agreement provides that Citibank N.A. was the original creditor of plaintiff's Loan.  (FAC, Ex. B at 67.)  Pursuant to the notice of servicing transfer, attached to plaintiff's complaint, effective April 1, 2019, CitiMortgage transferred its servicing rights to Cenlar as subservicer of the Loan.  (FAC, Ex. F.) Therefore, §1641(g)(1) and its Regulation Z are inapplicable to Cenlar and CitiMortgage as they are loan servicers and not "owner[s] or assignee[s]" of the Loan.  See Thrane v. Litton Loan Servicing LP, No. 08-CV-4149, 2009 WL 9121140, at *2 (E.D.N.Y. Oct. 27, 2009) (dismissing TILA claim against mortgage loan servicer when it was "not now and has never been an assignee of the [ ] loan"); Blaize–Sampeur v. McDowell, No. 05-CV-4275, 2006 WL 3903957, at *3 n. 4 (E.D.N.Y. Oct. 18, 2006) (finding TILA did not apply to loan servicing company).

In fact, according to plaintiff's own allegations, non-party, FNMA is the transferee of the Loan.  (FAC ¶ 10.)  Thus, only FNMA, as the "new owner or assignee," would have been obligated to notify plaintiff of the transfer of ownership.  See § 1641(g)(1).  As loan servicers, neither Cenlar nor CitiMortgage was required to disclose the transfer of the Loan to third party FNMA.

Therefore, plaintiff fails to state a TILA claim for damages against either defendant and his claim is dismissed.

### 2. **Rescission Claim**

Plaintiff claims that he rescinded the Loan on October 21, 2019 in accordance with TILA. (FAC ¶ 33, Ex. C.)

Defendants contend that plaintiff's claim for rescission is time-barred.  (Defs. Br. at 7-8.) The Court agrees.

TILA provides that borrowers have until midnight of the third business day following the consummation of a loan transaction to rescind the transaction.  15 U.S.C. § 1635(a).  A borrower's right of rescission is extended from three days to three years if the lender fails to provide notice of the borrower's right of rescission or fails to make a material disclosure.  See § 1635(f) ("An obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first."); Beach v. Ocwen Fed. Bank, 523 U.S. 410, 419 (1998).

Pursuant to plaintiff's FAC, the Loan transaction occurred on November 7, 2002.  (FAC ¶ 9.).  The fully executed Truth-in-Lending Disclosure Statement attached to plaintiff's complaint is also dated November 7, 2002.  (FAC, Ex. L.)  Therefore, plaintiff's right to rescind the Loan expired on November 10, 2002.  See § 1635(a).  However, even if, as plaintiff suggests, he was not provided with the Truth-in-Lending Disclosure Statement on November 7, 2002, plaintiff's right to rescission would have expired three years after the date of consummation of the Loan, on or about November 7, 2005 — fourteen years prior to plaintiff's alleged rescission on October 21, 2019.  See § 1635(f).

Plaintiff refers to the April 1, 2019 loan servicing transfer to Cenlar as a "credit sale" and considers Cenlar "the new creditor" in this alleged "transfer of ownership of the debt."  (Pl. Opp. Br. at 12, 15; see FAC ¶¶ 30, 45.)  Therefore, plaintiff claims, his right to rescind was extended three years from April 1, 2019 to April 1, 2022 due to defendants' alleged failure to provide him with "the required disclosure and or notice of his right to rescind."  (Pl. Opp. at 10, 19.)  However, Plaintiff is incorrect.

As discussed above, the documents attached to plaintiff's FAC, specifically, the March 15, 2019 notice of servicing transfer, demonstrate that his loan was not transferred or assigned to defendants, but rather, the loan servicing rights were transferred from CitiMortgage to Cenlar as of April 1, 2019.  (See Ex. F.)  Plaintiff fails to properly plead that the ownership interest in plaintiff's Loan was assigned or transferred to either defendant.  Thus, because plaintiff's right to rescind expired, at the latest, three years from the November 7, 2002 Loan consummation, plaintiff's claim of rescission is untimely.[3]  Accordingly, as plaintiff fails to state a claim for rescission pursuant to TILA, his claim is dismissed.

## C. Plaintiff's FDCPA Claim Against Cenlar

The FDCPA was created to respond to the "use of abusive, deceptive, and unfair debt collection practices by many debt collectors."  15 U.S.C. § 1692(a).  Under the FDCPA, "debt collectors" are persons engaged in "any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another."  Id. § 1692a(6).  The FDCPA explicitly excludes from the definition of "debt collector" "any person collecting or attempting to collect any debt owed or due or asserted

---

[3] Additionally, the Court notes that because TILA's statute of limitation for damages is one-year from the date of the alleged violation, 15 U.S.C. § 1640(e), any claim for damages with respect to an alleged Truth-in-Lending violation would also be time-barred.

to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by such person." Id. § 1692a(6)(F). Thus, "[a] mortgage servicer is a 'debt collector' within the meaning of the FDCPA if the mortgage was in default at the time the servicer began servicing the debt." Zirogiannis v. Seterus, Inc., 221 F. Supp. 3d 292, 302 (E.D.N.Y. 2016), aff'd, 707 F. App'x 724 (2d Cir. 2017); Diaz v. Residential Credit Sols., Inc., 297 F.R.D. 42, 49 (E.D.N.Y. 2014) (The actions of a mortgage servicer are only covered under the FDCPA "if the debt at issue was acquired after the customer or debtor defaulted on the loan in question."); Dolan v. Fairbanks Capital Corp., 930 F. Supp. 2d 396, 415-16 (E.D.N.Y. 2013) (holding that a mortgage servicer was not a "debt collector" because the plaintiff was not in default when the servicer began servicing the mortgage).

Plaintiff fails to sufficiently allege that Cenlar is a "debt collector" subject to liability under the FDCPA. The exhibits attached to plaintiff's complaint demonstrate that the Loan was not in default until June 2019, two months after Cenlar began servicing the Loan. (See Ex. A, F.) As plaintiff's allegations are insufficient to establish that Cenlar obtained the Loan when it was in default, plaintiff fails to allege that Cenlar was a debt collector within the meaning of the FDCPA. See Alibrandi v. Fin. Outsourcing Servs., Inc., 333 F.3d 82, 88 (2d Cir. 2003) ("[A]n entity cannot be a debt collector unless the debt it attempts to collect is in default.") (citing 15 U.S.C. § 1692a(6)(F)(iii)); Zirogiannis, 221 F. Supp. 3d at 302-03 (finding a complaint insufficient to survive dismissal where the plaintiff failed to plead that the alleged debt collector became a loan servicer after the disputed debt entered default). Therefore, plaintiff fails to state a claim against Cenlar arising under the FDCPA. Accordingly, plaintiff's FDCPA claim against Cenlar is dismissed.

**D.  State Law Claims**

Plaintiff asserts state law claims against both defendants for conversion, breach of contract, breach of fiduciary duty and aiding and abetting fraud.

Where no federal claims remain in an action, and diversity jurisdiction is lacking, a district court is not required to retain jurisdiction of remaining state law claims. 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction [ ] if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).  "In the interest of comity, the Second Circuit instructs that 'absent exceptional circumstances,' where federal claims can be disposed of pursuant to Rule 12(b)(6) . . ., courts should 'abstain from exercising pendent jurisdiction.'" Birch v. Pioneer Credit Recovery, Inc., No. 06-CV-6497, 2007 WL 1703914, at *5 (W.D.N.Y. June 8, 2007) (quoting Walker v. Time Life Films, Inc., 784 F.2d 44, 53 (2d Cir. 1986)).

Having determined that plaintiff's federal claims in this action do not survive defendants' motion to dismiss, the Court concludes that retaining jurisdiction over any state law claims is unwarranted.  See § 1367(c)(3).  Accordingly, the Court dismisses plaintiff's state law claims without prejudice.

**E.  Leave to Amend**

In his opposition papers, plaintiff requests leave to "amend [his] complaint a second time." (See Pl. Affirmation in Opp. to Defs. Mot., ECF No. 24-6 at 7.)

"A pro se plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795-96 (2d Cir. 1999) (internal quotation marks omitted)).  However, while "pro se

9

plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (citations omitted). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." Lucente v. Int'l Bus. Machines Corp., 310 F.3d 243, 258 (2d Cir. 2002) (citation omitted). Moreover, while amendments to pro se complaints should be granted "fairly freely," even pro se litigants are not entitled to unlimited opportunities to amend their pleadings. Holmes v. Goldin, 615 F.2d 83, 85 (2d Cir. 1980) (citation omitted); Best v. City of N.Y., No. 12-CV-7874, 2014 WL 163899, at *3 (S.D.N.Y. Jan. 15, 2014).

The Court has carefully considered whether leave to amend is warranted here. Notably, plaintiff has already amended his complaint once and was able to review defendants' motion to dismiss prior to filing his amended complaint. Thus, plaintiff already had an opportunity to address the deficiencies in his original complaint that Cenlar identified in its motion to dismiss. That alone is reason to deny leave to amend here. Additionally, even a liberal reading of the FAC does not give any indication that a valid claim might be stated by plaintiff. Accordingly, leave to amend the FAC is denied.

### III. CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is granted with respect to plaintiff's TILA and FDCPA claims. The Court declines to retain jurisdiction over plaintiff's remaining state law claims and dismisses those claims without prejudice.

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should he seek in forma pauperis status for the purpose of an appeal, any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to send a copy of this Order to the <u>pro</u> <u>se</u> plaintiff

and mark this case closed.

**SO ORDERED.**

Dated:  December 22, 2021
       Central Islip, New York

                                   /s/ (JMA)
                                   JOAN M. AZRACK
                                   UNITED STATES DISTRICT JUDGE