UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ROGER ROWE
    Plaintiff(s)
  -v-
CENLAR FSB, CITIMORTGAGE, INC
    Defendant(s)

2:19-cv-07278-JMA-AYS

*FILED*
2022 JUN 17 AM 10:30

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUN 17 2022 ★

LONG ISLAND OFFICE

---

### AFFIRMATION/DECLARATION
### MOTION TO COMPEL ORDER AND JUDGMENT

I, Roger Rowe, declare under penalty of perjury that the following facts are made on personal knowledge and are true and correct as required by Rule of Law. I submit this reply in support of my June 8, 2022 motion to compel.

### INTRODUCTION

Counsel's contention that there is no basis for relief is belied by law and the fact pattern of this case. This Court concluded that Plaintiff's loan was never transferred or assigned to Defendants which should have estoppel Defendants motion to dismiss Plaintiff's Fair Debt Collection Practices Act (FDCPA), Truth in Lending Act (TILA) and contract claims.

It should also be noted that Plaintiff is not seeking any form of injunctive relief. Although the result of a proper order and judgment could have the same effect of an injunction, Plaintiff does not seek such injunctive relief. The June 8, 2022 motion merely ask the Court to issue a long overdue decision, order and judgment that is consistent with the Courts findings. Moreover, Defendants cannot justify sending monthly billing statement if they were never assigned or transferred the loan. Plaintiff should not be receiving monthly billing statements from Defendants (see Dkt No 30), these actions clearly violate TILA and FDCPA and should cease immediately.

1

Defendants blatant disregard of the law and their continuous act of deceit has delayed justice and deprived Plaintiff of his fundamental right to property, due process and equal treatment under the law as well as a individuals right to a jury trial. Although the Court has great discretion in determining facts, the facts must be supported by substantial evidence. In this instance the evidence leading to the Courts decision is unsupported by the fact pattern.

The face of the note clearly indicates a qualified indorsement discharging Plaintiff from the underlaying debt. Congress created laws to protect consumers and punish lenders, servicers and debt collecting agents ("Defendants Counsel") from deceptive practices which as falsely stating the type, character or amount owed a debt. Moreover, the law punishes individual we deprive a person under the color of law. Here the Defendants is attempting to utilize the judicial system as a weapon of injustice by insnaring the Court to participate in the deprivation of Plaintiff rights under the color of law.

## I. ARGUMENT

### A. Response to Factual Background

The statute allows recession of any credit transaction once there is evidence of a defective disclosure. Here the face of the post commencement disclosure failed to inform Plaintiff of the location or place where the transfer of the of ownership of the debt is recorded (see 15 U.S.C. § 1641(g)(1)(D)). Moreover, the qualified indorsement on the face of the note clearly indicates the indorser's intent to discharge the underlying obligor (see UCC § 3-802(1)(a).

Furthermore UCC § 3-415(5) states that an accommodation party is not liable to the accommodated party and if he pays the instrument has a right to recourse against such party. Here Citimortgage indorsed the instrument as an accommodated party and promising to pay the

2

instrument to Plaintiff the accommodation party. As such Plaintiff is entitled to all the money paid to Citimortgage for the last seventeen years.

**B.   Injunctive Relief**

Counsels claim that Plaintiff's motion to compel the Court to provide a proper order is one to obtain injunctive relief as prescribed under Fed. R. Civ. P. 5., is an incorrect depiction of Plaintiff's motion. The intent of the June 8, 2022 motion was to inform the Court that despite the Courts determination that Defendants were never assigned or transferred Plaintiff loan, Defendants continues to violate FDCPA and TILA by falsely claiming that Plaintiff owes a balance. The motion to compel also informed the Court that although it has been over 120 days since the motion for reconsideration was fully briefed, the Court has yet to render a determination.

Plaintiff's motions clearly inform the Court of a clear legal right owed to Plaintiff. The Court must not allow Defendants to deprive Plaintiff of his property once it is shown that a clear legal right exist. Here not only did the Court violate Plaintiff's right to a jury trial, the Court refused to grant Plaintiff his right to damages for Defendants violation of TILA and FDCPA.

This Court determined that Defendants were neither assignees or transferees of the loan which pursuant to New York law a holder of the note must prove that he is the owner at the time of the action. Based on the Courts determination Defendants clearly violated TILA and FDCPA when it collected payment and failed to rescind the credit transaction dated April 1, 2019. Defendant's continuous attempts to conflate the seventeen year old disclosure with the disclosure requirements related to the April 1, 2019 credit transaction is disingenuous.

That being said the Court should not allow itself to be an unwilling cohort in Defendants despicable scheme to use the judicial system to deprive Plaintiff of his property. Pursuant to 28 U.S.C. §§ 1983, 1985 it is unlawful to deprive a person of his property under the color of law. Any

3

person found guilty of depriving a person in an action at law or a suit in equity is liable to the party for injuries suffered. If the Court allows Defendant to retain an unjust judgment and keep Plaintiffs property, the Court would in essence become a participant in the deprivation. As such Plaintiff as the Court to grant both motions in their entirety and punish Defendants for their perjurious action. Respectfully

Dated: June 17, 2022

Roger Rowe
Pro Se
20 Spruce rd
Amityville, NY 11701
Tel: (631) 767-6537
rroweny@gmail.com

cc: Lijue T. Philip
    *Attorney for Defendant*
    LPhilip@Stradley.com via ECF

4