UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ROGER ROWE,

                  Plaintiff,

          -against-

CENLAR FSB, CITIMORTGAGE, INC.,

                  Defendants.
-------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM AND ORDER**
19-CV-07278 (JMA) (AYS)

FILED
CLERK
2:11 pm, Aug 25, 2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**APPEARANCES:**

Roger Rowe
    *Pro Se Plaintiff*

Lijue T. Philip
Stradley Ronon Stevens & Young, LLP
100 Park Avenue, Suite 2000
New York, New York 10017
    *Attorney for Defendants Cenlar FSB and CitiMortgage, Inc.*

**AZRACK, United States District Judge:**

Currently, before the Court are motions filed by Plaintiff Roger Rowe ("plaintiff") seeking reconsideration of the Court's Memorandum and Order dated December 22, 2021 (the "Dismissal Order," ECF No. 25.) For the reasons discussed below, plaintiff's motion for reconsideration is denied.

## I. BACKGROUND

The Court assumes familiarity with the facts of this case, which are detailed in the Court's Dismissal Order that granted the motion to dismiss filed by Defendants Cenlar FSB ("Cenlar") and CitiMortgage, Inc. ("CitiMortgage") (together, the "defendants"). The following is a brief summary of those facts relevant to the disposition of the present motions.

A. **Factual Background**

On November 7, 2002, plaintiff entered into a Consolidation Extension and Modification Agreement ("Modification Agreement") with non-party Citibank, N.A. in the amount of $157,500.00 (the "Loan") with respect to refinancing a mortgage on property. (Dismissal Order at 2.) That same date, plaintiff signed a Truth-in-Lending Disclosure Statement with respect to the Loan. (Id.) Pursuant to a notice of servicing transfer dated March 15, 2019, effective April 1, 2019, Cenlar began servicing plaintiff's Loan on behalf of CitiMortgage. (Id.) Plaintiff claimed that he was informed of the transfer of servicing rights on or about July 12, 2019. (Id.)

Plaintiff failed to make the June 2019 and July 2019 monthly payments on the Loan; at the time, Federal National Mortgage Administration ("FNMA") was the owner of plaintiff's Loan. (Id.) Plaintiff purported to rescind the Loan by sending Cenlar a notice of rescission on October 21, 2019, claiming violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* (Id.)

The underlying complaint involved allegations that defendants violated TILA and its implementing regulation, Regulation Z, by failing to provide adequate disclosures and sought damages and rescission of the Loan. It also alleged a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* against Cenlar as well as state law claims for conversion, breach of contract, breach of fiduciary duty and aiding and abetting fraud against Cenlar and CitiMortgage.

The Court granted defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). With respect to plaintiff's TILA claims, the Court found that as servicer and subservicer of plaintiff's Loan, CitiMortgage and Cenlar were not owners or assignees of the Loan

and therefore TILA was inapplicable to defendants as they had no ownership interest in the Loan.[1] (Id. at 5.)

The Court further found that plaintiff's claim of rescission was time barred. Plaintiff contended that he rescinded the Loan on October 21, 2019. (Id. at 6.) However, pursuant to TILA's requirements, plaintiff's right to rescind the Loan expired on November 10, 2002, three days after he received the fully executed November 7, 2002 Truth-in-Lending Disclosure Statement. (Id.) The Court noted that even if plaintiff was not provided with the Truth-in-Lending Disclosure Statement on November 7, 2002, plaintiff's right to rescission would have expired on or about November 7, 2005 – fourteen years prior to plaintiff's alleged recission on October 21, 2019. (Id.) The Court rejected plaintiff's contention that the April 1, 2019 loan servicing transfer extended his right to rescind the Loan, reasoning that this transaction was not a transfer of ownership of the loan, but rather a transfer of loan servicing rights. (Id. at 7.)

With regard to plaintiff's FDCPA claim against Cenlar, the Court found that Cenlar was not a debt collector within the meaning of the FDCPA and therefore plaintiff failed to state a claim. (Id. at 8.) Specifically, the Court found that plaintiff failed to allege that the Loan was in default at the time Cenlar began servicing the debt. (Id.) According to the exhibits attached to plaintiff's complaint, the Loan was not in default until June 2019, two months after Cenlar began servicing the Loan. (Id.)

Because the Court dismissed plaintiff's federal claims, it declined to exercise supplemental jurisdiction of his state law claims in accordance with 28 U.S.C. § 1367(c)(3). (Id. at 9.) Ultimately, the Court dismissed plaintiff's federal claims with prejudice denying him leave to amend his complaint a second time. (Id. at 9-10.)

---

[1] The Court also noted that plaintiff's TILA claim for damages was time barred because TILA's statute of limitations is one-year from the date of the alleged violation and had therefore expired. (Id. at 7 n. 3.).

3

B. **Procedural Background**

On December 30, 2019, plaintiff commenced this pro se action against Cenlar alleging violations of TILA, the FDCPA, the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and various state law claims. (ECF No. 1.) On April 28, 2020, Cenlar filed a motion to dismiss plaintiff's complaint. (ECF No. 11.) After the motion was fully briefed by both parties (ECF Nos. 12, 13), on August 6, 2020, plaintiff filed a motion to amend the complaint (ECF No. 14) which the Court granted. (Docket Entry Order dated March 15, 2021). On March 22, 2021, plaintiff filed his First Amended Complaint ("FAC") alleging violations of TILA, as well as state law claims for conversion, breach of contract, breach of fiduciary duty and aiding and abetting fraud against Cenlar and CitiMortgage. (ECF No. 19.) The FAC also alleged a FDCPA claim against Cenlar. As relief, plaintiff requested that the Court declare the Loan void and demanded the return of monies paid, damages, costs and attorney fees. On December 22, 2021, the Court issued a Memorandum and Order granting defendants' motion to dismiss (Dismissal Order), and on December 29, 2021, the Court entered a judgment dismissing plaintiff's federal claims with prejudice and his state law claims without prejudice. (ECF No. 26.)

Thereafter, on January 10, 2022, plaintiff moved pursuant to Rules 52(a), 52(b), 59(a) and 60(b) of the Federal Rules of Civil Procedure for reconsideration of the Court's Dismissal Order. (ECF No. 27.) On January 19, 2022, defendants opposed plaintiff's motion for reconsideration (ECF No. 28), and on January 28, 2022, plaintiff filed a reply in further support of his motion. (ECF No. 29.) On June 8, 2022, plaintiff filed a letter requesting that the Court prohibit defendants from collecting on the Loan and reiterating his claim for damages. (ECF No. 30.) Defendants filed an opposition on June 15, 2022, interpreting plaintiff's letter as a motion for preliminary injunction, pursuant to Federal Rule of Civil Procedure 65. (ECF No. 31.) On June 17, 2022,

plaintiff filed a reply labeled "motion to compel order and judgment" explaining that he was not seeking injunctive relief but rather was moving "to compel the Court to provide a proper order" with regard to his motion for reconsideration. (ECF No. 32.)

## II. DISCUSSION

### A. Standard of Review

"Federal Rule of Civil Procedure 60(b) governs motions for relief from a final judgment or order and provides six independent grounds for relief." Burda Media, Inc. v. Viertel, 417 F.3d 292, 298 (2d Cir. 2005). The Second Circuit has instructed that Rule 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'" Greer v. Mehiel, No. 19-326-CV, 2020 WL 1280679, at *3 (2d Cir. Mar. 17, 2020) (summary order) (quoting Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008)). "The decision whether to grant a party's Rule 60(b) motion is committed to the sound discretion of the district court . . . ." Stevens v. Miller, 676 F.3d 62, 67 (2d Cir. 2012) (internal quotation and citation omitted). Moreover, such a motion "may not be used as a substitute for appeal." Manney v. Intergroove Media GMBH, No. 10-CV-4493, 2014 WL 1224171, at *1 (E.D.N.Y. Mar. 24, 2014). Rule 60(b) provides:

> [o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

Relief under the catch-all provision of Rule 60(b)(6) is reserved for cases presenting "extraordinary circumstances." See Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001). As the "Second Circuit has instructed, a 'court may treat a motion to vacate a prior judgment as having been made under 60(b)(6) *only if the other, more specific grounds for relief encompassed by the rule are inapplicable.*'" Azkour v. Little Rest Twelve, No. 10-CV-4132, 2017 WL 1609125, at *4 (S.D.N.Y. April 28, 2017) (quoting Maduakolam v. Columbia Univ., 866 F.2d 53, 55 (2d Cir. 1989)) (emphasis in original); Stevens, 676 F.3d at 67-68 ("Where a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed.") (quoting States v. Cirami, 535 F.2d 736, 740 (2d Cir. 1976)).

Although a pro se motion is read liberally and interpreted to raise the strongest arguments suggested, "a pro se litigant is not excused from the requirement of producing highly convincing evidence to support a Rule 60(b) motion." Alvarado v. Manhattan Worker Career Ctr., No. 01-CV-9288, 2003 WL 22462032, at *2 (S.D.N.Y. Oct. 30, 2003); accord Hall v. N. Bellmore Sch. Dist., 08-CV-1999, 2016 WL 4005792, at *2 (E.D.N.Y. July 25, 2016).

## B. **Plaintiffs' Motion for Reconsideration Lacks Merit**

Plaintiff moves to reopen his case pursuant to Federal Rule 60(1), (3) and (6).[2]

As discussed above, Rule 60(b) is "extraordinary relief" and can be granted "only upon a showing of exceptional circumstances."[3] Greer, 2020 WL 1280679, at *3. "Rule 60(b)(1) motions

---

[2] Plaintiff also moves the Court pursuant to Federal Rules of Civil Procedure 52(a)(6), 52(b), 59(a)(1)(B) and 59(a)(2) for relief from its judgment, for a new trial and, in the alternative, to amend its findings. However, these rules do not apply as there was no trial in this case. See FED. R. CIV. P. 52, 59. The Court notes that Federal Rule of Civil Procedure 59(e) is also inapplicable here as plaintiff has not pointed to any "matters or controlling decisions" that were overlooked by the Court and which would have influenced the Court's prior decision. See Merchant v. Long Island Newsday LLC, No. 14-CV-1674, 2014 WL 6085939, at *1 (E.D.N.Y. Nov. 13, 2014) (citing Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999)).

[3] As discussed above, "Rule 60(b)(6) relief is only available if Rules 60(b)(1) through (5) do not apply." ISC Holding AG v. Nobel Biocare Fin. AG, 688 F.3d 98, 109 (2d Cir. 2012). Therefore, given plaintiff's contentions constitute grounds for relief recognized in Rule 60(b)(1) and (3), the Court finds that relief under Rule 60(b)(6) is not applicable

premised upon 'mistake' are intended to provide relief to a party when the judge has made a substantive mistake of law or fact in the final judgment or order." Lugo v. Artus, No. 05-CV-312298, 2008 WL 312298, at *2 (S.D.N.Y. Jan. 31, 2008) (internal quotation and citation omitted). However, "mere disagreement" with a court's resolution of legal and factual issues does not amount to an "exceptional circumstance" that warrants Rule 60(b)(1) relief. Williams v. Artus, No. 06–CV–356, 2008 WL 4516241, at *2 (W.D.N.Y. Oct. 2, 2008). Additionally, "Rule 60(b)(1) will not provide a movant an additional opportunity to make arguments or attempt to win a point already 'carefully analyzed and justifiably disposed.'" Azkour, 2017 WL 1609125, at *4 (quoting In re Bulk Oil (USA) Inc., Nos. 93-CV-4492, 4494, 2007 WL 1121739, at *10 (S.D.N.Y. Apr. 11, 2007)).

Further, pursuant to Rule 60(b)(3), a district court may vacate a final judgment where an adverse party used fraud, misrepresentation, or misconduct in obtaining the judgment. FED. R. CIV. P. 60(b)(3); State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir. 2004). However, "a Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." Fleming v. New York Univ., 865 F.2d 478, 484 (2d Cir. 1989). Additionally, a Rule 60(b)(3) movant "must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." State St. Bank, 374 F.3d at 176 (internal quotation marks and citation omitted).

---

here. However, even if plaintiff's asserted grounds for relief did not fall within clause (1) or (3) of the Rule, the circumstances here do not justify relief under Rule 60(b)(6). Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) ("[The] catch-all provision of Rule 60(b)(6) allows courts to vacate judgments whenever necessary to accomplish justice, although such relief should be granted only in extraordinary circumstances."); Manney, 2014 WL 1224171, at *7 ("[A] claim that the decision was wrong [is] not sufficiently extraordinary" to warrant relief under Rule 60(b)(6)) (citing United Airlines, Inc. v. Brien, 588 F.3d 158, 177 (2d Cir. 2009)).

The Court finds that plaintiff has not met the demanding standard for reconsideration under either Rule 60(b)(1) or (3).

Plaintiff contends that the Court "erred as a matter of law when it granted summary judgment based on hearsay evidence" because "[d]efendants failed to provide affidavits from a person with personal knowledge" and "fail[ed] to annex a statement of fact to [their] motion" pursuant to Local Rule 56.1. (Pl. Mot. at 10-11, 32-33.) He also claims that the Court erred when it "failed to observe plaintiff's recission claim against the March 15, 2019 'credit sale.'" (Id. at 11.) Finally, plaintiff contends that "[t]he Court's determination that [d]efendants were not the assignee nor transferee of the note and mortgage also proves that defendants misrepresented the existence of a debt and their right to collect the debt," and "precludes [d]efendants from enforcing the note or mortgage as a matter of law." (Id. at 13.) Therefore, plaintiff contends that because the defendants never owned the Loan, the defendants fraudulently took plaintiff's property. (Id. at 14.)

As a preliminary matter, the Court notes that plaintiff's contentions are based on his mistaken belief that the Court based its Dismissal Order on evidence outside "the four corners" of the FAC. Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1998) (In deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint.") However, in reviewing a motion to dismiss, the Court may consider materials attached to the complaint, materials integral to the complaint, and materials incorporated into the complaint by reference. Sira v. Morton, 380 F.3d 57, 67 (2d Cir. 2004).

Here, in ruling on the motion, the Court considered the plaintiff's FAC and the documents attached thereto. (See Dismissal Order at 2 n. 1 ("The following facts are taken from plaintiff's FAC and the exhibits attached thereto, and are undisputed, unless otherwise indicated. See Sira v.

8

Morton, 380 F.3d 57, 67 (2d Cir. 2004).")) Specifically, the Court's Dismissal Order references the following documents which were attached to plaintiff's FAC: the November 7, 2002, Modification Agreement between plaintiff and Citibank, N.A. with respect to the $157,500.00 Loan, including copies of the Note and the Mortgage (Ex. B), a letter dated July 12, 2019 from Cenlar to plaintiff explaining that plaintiff's Loan is currently owned by FNMA and that the loan servicing would be transferred from CitiMortgage to Cenlar effective April 1, 2019 (Ex. A), plaintiff's October 21, 2019 letter to Cenlar purporting to rescind the Loan (Ex. C), a March 15, 2019 Notice of Servicing Transfer (Ex. F), and the November 7, 2002 Truth-and-Lending Disclosure Statement (Ex. L). Based on these documents, *submitted by plaintiff*, the Court determined that plaintiff's FAC failed to state a claim for violations of TILA and the FDCPA.

Contrary to plaintiff's contentions, defendants did not submit any documents in support of their dismissal motion. (See ECF No. 24.) Moreover, as the underlying motion was for dismissal, not for summary judgment, defendants were not required to submit a Rule 56.1 statement of material facts nor an affidavit.

Further, plaintiff's argument that "the Court overlooked or inadvertently misunderstood plaintiff's claims when it associated the claims to the November 7, 2002 credit transaction in lieu of the April 1, 2019 transaction" was already addressed and rejected by this Court. (Pl. Mot. at 22.) As the Court's Order explains, the April 1, 2019 "transaction" was merely a transfer in loan servicers, not a "credit sale contract agreement" as plaintiff argued. (Order at 5 (citing FAC, Ex. F.)) The Court rejected plaintiff's contention that the April 1, 2019 loan servicing transfer extended his right to rescind the Loan, reasoning that this transaction was not a transfer of ownership of the loan, but rather, a transfer of loan servicing rights. (Id.). Notably, plaintiff's new filings do not allege any additional facts in support of his claims, but rather attempt to relitigate

9

the same argument that the Court already disposed of in its prior Order.  See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.")  Thus, plaintiff fails to demonstrate that the Court has made a mistake of law or fact in its Dismissal Order.

With respect to Rule 60(b)(3), plaintiff attempts to circumvent the Court's Order by arguing that because the Court found that defendants were never transferred or assigned the Loan, defendants engaged in fraud in seeking to collect on the debt obligation in violation of TILA. (Pl. Mot. at 40-41.)  However, plaintiff has not provided any evidence, much less "clear and convincing evidence, of fraud, misrepresentation or misconduct on the part of defendants.  Moreover, plaintiff does not contend that defendants' collection efforts "prevented him from fully and fairly presenting his case." State Steet, 374 F.3d at 176.  Thus, plaintiff's motion based on Rule 60(b)(3) fails on the merits.

Therefore, as plaintiff fails to demonstrate "exceptional circumstances" warranting "extraordinary judicial relief" pursuant to Rule 60(b)(1) or (3), plaintiff's motion for reconsideration is DENIED.

### III.  CONCLUSION

For the foregoing reasons, plaintiff's motion for reconsideration is DENIED.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that, should plaintiff seek in forma pauperis status for the purpose of an appeal, any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to send a copy of this Order to the pro se plaintiff.

**SO ORDERED.**

Dated:  August 25, 2022
Central Islip, New York

                     /s/ (JMA)
                 Joan M. Azrack
                 United States District Judge